[No. 3419. June 27, 1930.]

STATE ex rel. STATE TAX COMMISSION v. FAIRCLOTH, County Treasurer.

[290 Pac. 1017.]

See, also, 277 P. 30.

J. Frank Curns, W. A. Gillenwater, and E. P. Davies, all of Santa Fe, for appellant.

Thomas V. Truder, of East Las Vegas, for appellee.

OPINION OF THE COURT

CATRON, J.

From an order of the district court, in a mandamus proceeding, dismissing the cause, relator appeals.

The material facts are: On March 9, 1920, the state of New Mexico, in a tax suit brought under the provisions of chapter 102, Laws 1919, recovered judgment against the board of trustee of the Anton Chico land grant for delinquent taxes on said grant for the years 1905 to 1918, inclusive. Ten per cent. of the amount of the delinquent taxes adjudged was added and included in the judgment in accordance with the provisions of section 2 of said act, and the total amount of the judgment was decreed to be a lien upon the lands and real estate, with further provision that, in event the said judgment be not paid, the real estate be sold to satisfy the lien. Other delinquent tax judgments were rendered for other years at a later date, and, in so far as material to this case, are in effect the same as the one above referred to.

Section 6, c. 102, Laws 1919, provides:

"Upon the rendition of any judgment of the district court in any suit brought under the provisions of this Act or during the sale of property for delinquent taxes, such sale shall be made by the county treasurer and the certificate of sale issued therefor in the same manner and with the same effect as provided by law for the sale of property under judgments of the district court in suits for the collection of delinquent taxes."

The foregoing judgments were paid to the treasurer of Guadalupe county about January 21, 1926. It appears that the respondent, Frank Faircloth, as treasurer of Guadalupe county, did, upon the collection of said judgments, transmit and pay to the "tax commission fund," the 10 per cent. which had been decreed and collected in accordance with the provisions of section 2, c. 102, Laws 1919.

Relator, however, contends that the said judgments, although rendered prior to the effective date of chapter 26,

Laws 1925, were paid after said act became effective; that the payment of the judgment resulted from the efforts of the special tax collector appointed under chapter 26, Id.; that under the provisions of said act, and especially section 9 thereof, in addition to the moneys paid by respondent into the "tax commission fund" for the use of the state tax commission in compliance with chapter 102, Laws 1919, a further 10 per cent. of the amount finally collected under said judgment should be paid into the "tax commission fund" to the credit of the state tax commission, under the provisions of section 9, c. 26, Laws 1925.

Both acts provide for the collection of delinquent taxes, authorizing the bringing of suits for such purpose, and for the payment, into the "tax commission fund." to the credit of the state tax commission, of 10 per centum of the amount collected.

The 1925 act provides:

"Section 1. As used in this Act, the term 'delinquent taxes' shall be construed to mean and include all unpaid taxes appearing on any delinquent·or other tax rolls, lists, or assessments, which were levied or assessed prior to the year 1924, and not barred by Statute, together with the penalties, interest and costs thereon, and the provisions of this Act shall apply to and govern the collection of all such delinquent taxes. * * *

"Sec. 4. Every Collector so appointed and qualified, or every counsel employed, shall have authority to bring and prosecute suits, actions and proceedings in the name of the state or county, and to distrain and sell personal property, for the collection of delinquent taxes. Any suit pending in any court for collection of delinquent taxes may be dismissed on motion of such Collector or counsel and a new suit commenced therefor, and the Court may permit the amendment of the complaint in any suit for delinquent taxes at any time before entering judgment."

The 1925 act does not relate to the collection of tax judgments rendered under an earlier act. It could not have been the intent of the Legislature in passing said act to give the state tax commission an additional 10 per cent. for voluntarily assisting the county treasurer in performing its statutory duty.

Finding no error, the judgment of the trial court must be affirmed, and the cause remanded, and it is so ordered.

WATSON and SIMMS, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.